# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY B. HENSON, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 22-CV-0348-CVE-JFJ |
| | ) |
| CHRIS RANKINS, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Anthony B. Henson, Sr., a self-represented Oklahoma prisoner,[1] petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, to challenge the lawfulness of his custody under the criminal judgment entered against him in Tulsa County District Court Case No. CF-2017-3127. Having considered the petition (Dkt. 1), the response (Dkt. 10), the record of state court proceedings (Dkts. 10-1 through 10-15, 11, 12), the reply (Dkt. 13), and the parties' supplemental briefs (Dkts. 16, 17), the Court finds and concludes that the petition shall be denied because Henson raises two claims that are not cognizable habeas claims, he procedurally defaulted his remaining claims, and he has not shown any basis to excuse the procedural default of those claims.

## BACKGROUND

Following a trial, a jury found Henson guilty of sexually abusing a child under the age of twelve, in violation of OKLA. STAT. tit. 21, § 843.5(F) (counts one through six); and child abuse by injury, in violation of OKLA. STAT. tit. 21, § 843.5(A) (count seven). Dkt. # 10-3, at 1. The trial court sentenced him to six terms of life imprisonment (counts one through six) and one term

---

[1] Because Henson appears without counsel, the Court liberally construes his filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does so, however, without acting as his advocate. *Id.*

of six years' imprisonment (count seven) and ordered all terms to be served consecutively. Id. at 1-2.

Through counsel, Henson directly appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), raising four claims: the trial court erroneously admitted evidence of other crimes or bad acts (proposition one); the trial court erroneously instructed the jury regarding evidence of other crimes or bad acts (proposition two); his life sentences are excessive (proposition three); and trial counsel provided constitutionally deficient representation by failing to object to the admission of evidence of other crimes and bad acts and failing to request a proper limiting instruction as to that same evidence (proposition four). Dkt. # 10-1; Dkt. # 10-3, at 2. The OCCA denied relief and affirmed Henson's judgment and sentence in January 2020. Dkt. # 10-3, at 1-5. Henson did not seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court. Dkt. # 1, at 3; Dkt. # 10-9, at 6.

In October 2020, Henson applied for postconviction relief. Dkt. # 10-4. Several months later, he amended his application with the assistance of counsel. Dkt. # 10-6. In the original and amended applications, Henson relied on the reasoning of McGirt v. Oklahoma, 591 U.S. 894 (2020), to argue that the State of Oklahoma ("the state") lacked jurisdiction to prosecute him because he is an enrolled member of the Choctaw Nation, he possesses a quantum of Indian blood,

and he committed his crimes within the Cherokee Nation Reservation.[2] Dkt. ## 10-4, 10-6. The state district court denied relief, Henson filed a postconviction appeal, and the OCCA affirmed the denial of postconviction relief. Dkt. ## 10-9, 10-11.

Henson now seeks federal habeas relief, asserting eight claims: he is "actually-factually innocent" (claim one); the state lacked jurisdiction to prosecute him for crimes he committed in Indian country (claims two and six); the state violated his statutory and constitutional right to a speedy trial (claim three); the state statute under which he was convicted, OKLA. STAT. tit. 21, § 843.5(F), is unconstitutionally vague (claim four); judicial misconduct deprived him of a fair trial and his right to present a defense (claim five); the state does not have jurisdiction to respond to habeas claims challenging the state's lack of jurisdiction in Indian country (claim seven); and he received ineffective assistance of counsel (claim eight). Dkt. # 1. Respondent urges the Court to deny the petition, asserting that claim one does not present a cognizable habeas claim; that claim two either is procedurally defaulted because the OCCA denied relief based on an independent and

---

[2] In McGirt, the Supreme Court held that because Congress has not disestablished the Muscogee (Creek) Nation Reservation, the land within the boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and stated that, "[a]s a result, the [Major Crimes Act, 18 U.S.C. § 1153(a),] applies to Oklahoma according to its usual terms: Only the federal government, not the State, may prosecute Indians for major crimes committed in Indian country." McGirt, 591 U.S. at 924, 932. Relying on McGirt, the OCCA later determined that the Cherokee Nation Reservation is Indian country, as defined in § 1151(a). Hogner v. State, 500 P.3d 629, 635 (Okla. Crim. App. 2021), overruled in part on other grounds by Deo v. Parish, 541 P.3d 833 (Okla. Crim. App. 2023). Henson cited McGirt and Hogner in his amended application to argue that he committed his crimes in Indian country. Dkt. # 10-6, at 3. With the original and amended applications, he submitted evidence to support that he is an Indian for purposes of federal criminal jurisdiction. Dkt. ## 10-4, 10-6; see United States v. Prentiss, 273 F.3d 1277, 1280 (10th Cir. 2001) (explaining that, for purposes of determining whether a criminal defendant is an "Indian" subject to prosecution under the Major Crimes Act or the General Crimes Act, 18 U.S.C. § 1152, the prosecuting authority must show that the defendant (1) has some degree of Indian blood and (2) is recognized as an Indian by a federally recognized tribe or the federal government). In his original application, Henson alleged the victim also is an Indian, but he did not reassert that allegation in his amended application or present supporting evidence. Dkt. ## 10-4, 10-6.

adequate state procedural rule or lacks merit; that the remaining claims are unexhausted and should be deemed procedurally defaulted through application of an anticipatory procedural bar; and that Henson has not shown that he can overcome the procedural default of any claims. Dkt. ## 10, 16.

## DISCUSSION

**I.    Cognizability: Claims one and seven do not present cognizable habeas claims.**

A federal court may grant habeas relief to a state prisoner only if the prisoner shows that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Conversely, a federal court may not grant habeas relief to a state prisoner if the prisoner's claims challenge the lawfulness of his custody based on alleged errors of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."). Thus, a cognizable federal habeas claim is a claim alleging that a constitutional error or a violation of federal law invalidates the petitioner's state criminal judgment.

**A.    Claim one: Henson is actually-factually innocent.**

Henson claims he is "actually-factually innocent" as evidenced by his refusal to plead guilty and a factual narrative that he describes as his "side of the story." Dkt. # 1 at 5, 24-28.[3] Respondent contends that Henson's "stand-alone claim of actual innocence" does not present a cognizable habeas claim Dkt. # 10, at 14-16. The Court agrees. See Herrera v. Collins, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurred in the underlying state criminal proceeding."); Farrar v. Raemisch, 924 F.3d 1126, 1131 (10th Cir. 2019) (reiterating that "actual innocence does not constitute a freestanding basis for

---

[3] For consistency, the Court's citations to the record refer to the CM/ECF pagination.

federal habeas relief"). Because a freestanding actual innocence claim does not provide a basis for federal habeas relief, the Court denies the petition as to claim one.[4]

### B.   Claim seven:  The state lacks jurisdiction to respond to certain habeas claims.

Henson claims that the state "lack(s) the requisite subject matter jurisdiction to respond to any and all claim(s) within this Habeas Corpus, pursuant to Article VI, cl 2 of the United States Constitution and Article I, § 3 of the Oklahoma State Constitution, in regard(s) to the Oklahoma Legislative intent." Dkt. # 1, at 64. To the extent the Court understands this claim, Henson appears to argue that because he is challenging a state criminal judgment that was allegedly obtained through the state's unlawful exercise of criminal jurisdiction (as asserted in claims two and six), the Oklahoma Attorney General's Office has no authority to defend that state criminal judgment in this federal habeas proceeding. Id. at 64-67. Respondent urges the Court to deny this claim based on the law-of-the-case doctrine because Henson previously objected when the Attorney General's Office entered an appearance in this case, and this Court overruled his objection. Dkt. # 10, at 143-46; see Dkt. ## 6, 7. The Court finds it unnecessary to consider respondent's argument because claim seven does not present a cognizable habeas claim. Even assuming Henson's claim had merit (which it does not, see Dkt. # 7), it alleges a potential defect in this federal habeas proceeding, not "an asserted federal basis for relief from [the] state court's judgment of conviction." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005); see Rodriguez v. Mitchell, 252 F.3d

---

[4] To the extent Henson asserts his actual innocence as a basis to overcome the procedural default of any constitutional claims he identifies in the petition, the Court will consider claim one as a gateway actual innocence claim when it addresses the procedurally defaulted claims. See McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) ("[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief"); Farrar, 924 F.3d at 1130 ("The Supreme Court has repeatedly sanctioned gateway actual innocence claims, but the Court has never recognized freestanding actual innocence claims as a basis for federal habeas relief.").

191, 199 (2d Cir. 2001) (noting that the habeas petitioner's claim that "his state trial attorney made fraudulent representations to the federal district court and that the respondent fraudulently concealed that respondent had deposed [that attorney]" "relates to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial" and, "if proven, would simply result in the reopening of the federal habeas proceeding—not in the vacating of the state criminal judgment"); cf. Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) (reasoning that the habeas petitioner stated no cognizable federal habeas claim because "the constitutional error he raise[d] focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration"). Because claim seven focuses on the integrity of this habeas proceeding, not on the integrity of the challenged state criminal judgment, it does not provide a basis for federal habeas relief. The Court thus denies the petition as to claim seven.

### II.     Procedural default:  Henson procedurally defaulted his remaining claims.

"A threshold question that must be addressed in every habeas case is that of exhaustion." Fontenot v. Crow, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994)). "A state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." Davila v. Davis, 582 U.S. 521, 527 (2017); see 28 U.S.C. § 2254(b)(1)(A). "To exhaust a claim, a state prisoner must pursue it through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." Selsor v. Workman, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). In Oklahoma, a state prisoner generally must exhaust a federal claim by presenting it to the OCCA, either through a direct or postconviction appeal. See Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994) ("The exhaustion requirement is satisfied if the federal issue has been properly

presented to the highest state court, either by direct review of the conviction or in a postconviction attack."). But "there is no fair presentation if the claim before the state court was only 'somewhat similar' to the claim pressed in the habeas petition." Grant v. Royal, 886 F.3d 874, 891 (10th Cir. 2018) (quoting Duncan v. Henry, 513 U.S. 364, 366 (1995)). "To satisfy exhaustion, then, the habeas petition's focus—as well as the alleged error that it identifies—cannot depart significantly from what the petitioner had presented to the state court." Id.

The failure to exhaust a federal claim may be excused if the prisoner shows that "exhaustion would have been futile because either 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" Selsor, 644 F.3d at 1026 (quoting 28 U.S.C. §§2254(b)(1)(B)(i), (ii)); see Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981) (noting that "the burden of showing exhaustion rests on the petitioner"). But, when state remedies are available, "there are consequences for failing to properly present a claim" in state court. Grant, 886 F.3d at 891. In some cases, "a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." Id. at 891-92 (quoting Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006)). But in other cases, a federal court may apply an anticipatory procedural bar and deem the unexhausted claim procedurally defaulted. Id. at 892; see Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992) ("[I]f the court to which [p]etitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review.").

The procedural default doctrine "is an important "corollary" to the exhaustion requirement." Davila, 582 U.S. at 527 (quoting Dretke v. Haley, 541 U.S. 386, 392 (2004)). Under this doctrine, "a federal court may not review federal claims that were procedurally defaulted in

state court—that is, claims that the state court denied based on an adequate and independent state procedural rule."[5] Id. If the state prisoner fairly presented a federal claim in state court and the state court denied the federal claim based on an independent and adequate state procedural rule, the federal claim is exhausted but is procedurally defaulted for purposes of federal habeas review. Id.; Coleman v. Thompson, 501 U.S. 722, 732 (1991), modified on other grounds by Martinez v. Ryan, 566 U.S. 1 (2012).

In sum, whether the state court imposes a procedural bar or the federal court applies an anticipatory procedural bar to an unexhausted claim, the result is the same: the federal claim is procedurally defaulted for purposes of federal habeas review. And a federal court may not review, much less grant habeas relief on, a procedurally defaulted claim unless the petitioner first shows either cause for the procedural default and actual prejudice or that the federal court's failure to review the claim will result in a fundamental miscarriage of justice. Davila, 582 U.S. at 527; Coleman, 501 U.S. at 750. The miscarriage of justice exception "is a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Magar v. Parker, 490 F.3d 816, 820 (10th Cir. 2007 (quoting Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999)).

For the following reasons, the Court finds that all remaining claims are unexhausted and subject to an anticipatory procedural bar. Because the parties appear to agree that claim two is exhausted, the Court first explains why it is not. The Court then discusses Henson's admitted failure to exhaust claims three through six. Lastly, the Court considers and rejects Henson's

---

[5] A state procedural rule is adequate if the rule is "firmly established and regularly followed." Beard v. Kindler, 558 U.S. 53, 60 (2009) (quoting Lee v. Kemna, 534 U.S. 362, 376 (2002)). A state procedural rule is independent if the rule relies on state law, rather than federal law. Simpson v. Carpenter, 912 F.3d 542, 571 (10th Cir. 2018).

8

arguments that this Court should overlook his procedural default of claims two through six and eight.

    **A.    Claim two is unexhausted.**

In claim two, Henson contends that the "[s]tate lacks the subject matter jurisdiction to prosecute, convict and sentence any person within any unassigned lands or Indian Country, pursuant to Oklahoma Constitution Article I, § 3 along with Article VI, cl 2 along with the 14th Amendment of the United States Constitution." Dkt. # 1, at 28 (grammar, punctuation and syntax in original); see also id. at 7, 17, 29-32 (citing and discussing various federal and state constitutional provisions). Henson represents that he exhausted claim two through his state postconviction proceedings. Dkt. # 1, at 7-8. Respondent construes claim two as asserting the same McGirt-based claim Henson raised in state postconviction proceedings, states that claim two is exhausted, and identifies multiple bases to deny relief, including that the OCCA denied relief based on an adequate and independent state procedural rule. Dkt. # 10, at 3, 16-128; Dkt. # 16.

Despite the parties' apparent agreement that Henson exhausted claim two, the Court finds that he did not. Significantly, Henson repeatedly disavows that claim two reasserts the McGirt-based claim he presented to the OCCA. See Dkt. # 1, at 18 n.3 & 29 n. 28 (noting that Henson "is **NOT** filing pursuant to McGirt nor is he arguing 'retroactivity'"); Dkt. # 13, at 1 n.2 (referring to respondent's answer to claim two and asserting that respondent's "claim[] [about] the Petitioner's sole reliance upon McGirt is Constructive Fraud as the Petitioner's sole reliance for his claim is **Article I, § 3 of the Oklahoma State Constitution**"); id. at 19 ("One thing is absolutely clear in this matter, the Petitioner's sole reliance for his Jurisdictional Claim is that the State of Oklahoma *forever waived* its jurisdiction, pursuant to **Article I, § 3**."); id. at 25 ("The Petitioner prays this Honorable Court sees through the State's attempts to re-litigate McGirt, as the ONLY argument at

9

hand is the waiver of Jurisdiction enshrined within the Oklahoma Constitution Article I, § 3."); Dkt. # 17, at 1 (suggesting respondent has committed fraud "by claiming Ground II is grounded in procedures [McGirt]" because that "claim is strictly constitutional"); id. at 4 ("I never invoked any proceeding under McGirt."); id. at 5 (referring to "Ground II" and asserting Oklahoma waived jurisdiction under Article I, § 3).

Considering Henson's arguments in support of claim two that largely omit any coherent discussion of McGirt, its reasoning, or the OCCA's decision that the McGirt-based claim was procedurally barred, and Henson's express statements that he does not rely on McGirt to support claim two, the Court finds that the jurisdiction claim presented in claim two is not the substantial equivalent of the McGirt-based jurisdiction claim that Henson presented to the OCCA through his postconviction appeal. The Court thus finds that claim two is unexhausted. The Court further finds that claim two is subject to an anticipatory procedural bar because the OCCA likely would apply an independent and adequate state procedural rule to reject this claim if Henson were to return to state court and raise it in a successive application for postconviction relief. See OKLA. STAT. tit. 22, § 1086 ("All grounds for relief available to an applicant under this [Oklahoma's Post-Conviction Procedure Act] must be raised in his original, supplemental or amended application."); see also Grant, 886 F.3d at 901 n.8 (finding that the petitioner's unexhausted claim was "doubly subject to the anticipatory procedural bar" because it would be raised "for the first time in a *successive* petition for post-conviction relief" (emphasis in original)); Medlock v. Ward, 200 F.3d 1314, 1323 (10th Cir. 2000) ("Despite the especially vigilant scrutiny we apply in examining procedural bars to ineffective assistance claims, we have held that Oklahoma's procedural bar to claims not raised on initial post-conviction review is independent and adequate."). For these reasons, the Court deems claim two procedurally defaulted.

B.      **Claims three through six and eight are unexhausted.**

In his remaining claims, Henson contends: the state violated his statutory and constitutional right to a speedy trial (claim three), Dkt. # 1, at 8, 38-48; the statute under which he was convicted, OKLA. STAT. tit. 21, § 843.5(F), is unconstitutionally vague (claim four), id. at 10, 48-57; judicial misconduct deprived him of his constitutional right to present "key pieces of evidence" in his defense (claim five), id. at 57-59; "the charged statute(s) is/are unconstitutionally created, enacted, and enforced," because the state has no authority to enact or enforce criminal laws within any part of Oklahoma that is "Indian country" (claim six), id. at 59-64;[6] and his trial and appellate attorneys provided constitutionally deficient representation, id. at 67-69.

Respondent contends, and Henson concedes, that he did not exhaust these claims. Dkt. # 1, at 9-10, 12; Dkt. # 10, at 128-32. And the record supports the parties' shared view that Henson did not present claims three through six and eight to the OCCA through his direct or postconviction

---

[6] In contrast to respondent's insistence that claim two is the same McGirt-based claim Henson raised on postconviction appeal, respondent accepts Henson's "disclaimer" that claim six "has nothing to do with McGirt," contends that Henson did not fairly present this claim any state court proceeding, and urges the Court to apply an anticipatory procedural bar and deem the claims three through six and eight procedurally defaulted. Id. at 129-42; see Dkt. # 1, at 60 & n.73, 63 (disclaiming any reliance on McGirt to support claim six and describing this claim as "unprecedented" and "res nova").

appeal. Dkt. ## 10-1, 10-3, 10-4, 10-6, 10-9, 10-11.[7] The Court thus finds that these claims are unexhausted. The Court further finds that these claims are subject to an anticipatory procedural bar and should be deemed procedurally defaulted because the OCCA very likely would apply a procedural bar if Henson were to return to state court to raise them in a successive application for postconviction relief. See OKLA. STAT. tit. 22, § 1086; Grant, 886 F.3d at 901 n.8; Medlock, 200 F.3d at 1323.

### C. Henson has not shown that the procedural default should be excused.

Henson appears to raise three grounds to overcome the procedural default of claims two through six and eight: futility, ineffective assistance of appellate counsel, and actual innocence.[8] None is persuasive. First, he contends exhaustion would have been futile. More specifically, he asserts "there are numerous instances where a Petitioner may bypass the State remedies to protect his Constitutional Right(s)," including when the highest state court previously has rejected the same constitutional claim raised by a different defendant in a different case," Dkt. # 1, at 18-21, 54-55; "[t]he Oklahoma Post-Conviction remedies are fruitless" and "ineffective" because "[t]he

---

[7] Henson raised an ineffective assistance of trial counsel claim on direct appeal. There, he alleged that trial counsel (1) failed to object to the admission of evidence and (2) failed to request a proper limiting instruction. Dkt. # 10-1, at 19-20. But he brings a significantly different claim here. To the extent he mentions trial counsel in claim eight, he appears to allege that trial counsel failed to object to (1) the alleged speedy trial violation, (2) the state's alleged lack of jurisdiction to prosecute him, and (3) the alleged unconstitutionality of OKLA. STAT. tit. 22, § 843.5(F). Dkt. # 1, at 67-69. Henson also alleged, in his amended application for postconviction relief but without any supporting legal arguments, that trial and appellate counsel were ineffective for failing to raise his McGirt-based claim. Dkt. # 10-6, at 6. But, as respondent contends, Henson did not pursue any ineffective assistance of counsel claim on postconviction appeal, focusing instead on the substantive McGirt-based claim that Henson now has abandoned in this habeas proceeding. Dkt. # 10, at 135 n.48; Dkt. # 10-10 (postconviction appellate brief).

[8] As previously discussed, Henson contends he exhausted claim two and respondent agrees. Henson's filings thus do not expressly argue that he can overcome the procedural default of claim two. The Court nonetheless considers the three grounds he identifies as his attempt to overcome the procedural default of claim two as well as those claims he admits he did not exhaust.

state simply will not hear the issues" raised in postconviction proceedings that could have been raised on direct appeal, making state remedies unavailable, id., at 5, 10, 18, 21-23, 54-55; and the state impeded or frustrated his ability to raise his speedy trial claim and his challenges to the state's exercise of criminal jurisdiction in Indian country by failing to recognize existence of reservations in Oklahoma and failing to previously recognize that Oklahoma's speedy trial statute is unconstitutional, id. at 35-37, 46-53; Dkt. # 13, at 7-18.  Perceived futility does not provide a basis to "bypass" state courts, nor does it excuse the failure to exhaust available state remedies.  See, e.g., Engle v. Isaac, 456 U.S. 107, 130 (1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid." (footnote omitted)); Teagle v. Champion, 21 F. App'x 790, 792 (10th Cir. 2001)[9] ("Petitioner states that pursuing his state court remedies would be futile; however, the mere recitation of futility is not sufficient.").  In any event, it is evident from the record that Henson utilized available state remedies to present claims on direct appeal and through state postconviction proceedings.  That he did not obtain his desired outcome in either proceeding does not show that existing state remedies are unavailable or ineffective.

Second, Henson contends appellate counsel is to blame for the procedural default of his claims.  Dkt. # 1, at 6-7, 9-12, 14, 22-23; Dkt. # 13, at 4-5.  In some cases, ineffective assistance of counsel can serve as cause to excuse a procedural default of a federal claim.  See Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000) (acknowledging that "in certain circumstances counsel's

---

[9] The Court cites this unpublished decision for its persuasive value.  FED. R. APP. P. 32.1; 10th Cir. R. 32.1.

ineffectiveness" may establish "cause" to overcome a procedural default, but explaining that "the assistance must have been so ineffective as to violate the Federal Constitution"); Davila, 582 U.S. at 528 ("It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel."). But the Carpenter Court made clear that "ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim" that must be exhausted in state court before a petitioner can rely on that claim to excuse a procedural default. Id. Henson alleges in claim eight that appellate counsel was ineffective for failing to raise certain claims he identifies in his petition. Dkt. # 1, at 67-69. But because Henson did not exhaust claim eight, he cannot rely on appellate counsel's alleged ineffectiveness to excuse the procedural default of his other constitutional claims.

Third, Henson asserts, in claim one, that he is "actually-factually innocent." Dkt. # 1, at 5. To support this assertion, Henson cites the fact that he refused to plead guilty and provides a factual narrative describing his "side of the story." Id. at 24-28. In claim five, he alleges that the trial court committed "judicial misconduct" by excluding "key pieces of evidence . . . that proved beyond any reasonable doubt that he was Actually-Factually Innocent of any and all charges." Id. at 58-59; see also Dkt. # 13 at 26 n.62 (exclaiming without elaboration, "I never committed the crimes alleged by the State of Oklahoma and the evidence proves such claim!"). As previously stated, a credible gateway actual innocence claim permits a petitioner to obtain federal habeas review of procedurally barred constitutional claims. Perkins, 569 U.S. at 392. "To be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324

(1995).[10]  But tenable gateway actual innocence claims are rare because "[t]he miscarriage of justice exception . . . applies to a severely confined category:  cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  Perkins, 569 U.S. at 394-95 (second alteration in original) (quoting Schlup, 513 U.S. at 329)).  In evaluating the credibility of a gateway actual innocence claim, a district court "must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial," and make "a holistic judgment about all the evidence and its likely effect on reasonable jurors applying the reasonable doubt standard."  Fontenot, 4 F.4th at 1031-32 (cleaned up).  Having reviewed the evidence presented at trial and Henson's new evidence—namely, the factual narrative he dubs his "side of the story" and the allegedly excluded evidence he describes in claim five—the Court is firmly convinced that the miscarriage of justice exception does not apply in this case.  See Dkt. # 1, at 25-28, 58-59 (describing "new" evidence); Dkt. # 10, at 8-14, 137-42 (summarizing "old" evidence and discussing "new" evidence).

---

[10] Respondent contends Henson presents no "new" evidence because the facts he describes in his personal narrative of events and the "key" evidence allegedly excluded by the trial court were known by and available to him before trial. Dkt. # 10, at 140 n.50.  But, as respondent acknowledges, the Tenth Circuit has rejected that argument by holding that evidence is "new" for purposes of supporting a gateway actual innocence claim if the evidence is "newly presented," i.e., if the evidence was not presented at trial. Id.; see Fontenot, 4 F.4th at 1032.  Relying on Fontenot, the Court concludes that Henson's evidence is "new."

For the reasons stated, the Court finds that Henson has not made the showings necessary to overcome the procedural default of claims two through six and eight.[11] The Court thus denies the petition as to these claims.

## *CONCLUSION*

Based on the foregoing, the Court concludes that the petition should be denied because claims one and seven do not state cognizable habeas claims, claims two through six and eight are procedurally defaulted, and Henson has not shown that he can overcome the procedural default of those claims. The Court further concludes that no certificate of appealability should be issued because reasonable jurists would not debate the Court's determination that the petition should be denied on procedural grounds. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that:

1. the petition for writ of habeas corpus (Dkt. # 1) is **denied**;

2. a certificate of appealability is **denied**; and

3. a separate judgment shall be entered in this matter.

**DATED** this 2nd day of September, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[11] Because the Court finds that claim two is unexhausted, subject to an anticipatory procedural bar, and should be deemed procedurally defaulted, and that Henson has not made the showings necessary to overcome the procedural default of claim two (or any other procedurally defaulted claims), the Court declines to address respondent's alternative arguments for denying relief as to claim two. See Dkt. # 10, at 24-49, 76-128.